UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:96-CR-00024-TBR-LLK-2

GARY DUANE HARRIS                                                              MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                                    RESPONDENT/PLAINTIFF

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This matter is before the Court on Movant's motion to vacate under 28 U.S.C. § 2255 and supporting brief, to which the United States responded in opposition, and Movant replied. [DN 198, 222, 226, 227.] The Court referred the case to the undersigned Magistrate Judge "pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter." [DN 228.]

Western Kentucky Federal Community Defender Scott T. Wendelsdorf represents Movant. Movant claims that this Court must vacate his conviction of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) because the conviction was rendered unconstitutional by *United States v. Davis*, 139 S.Ct. 2319 (2019). [DN 222 at 5.] Because the claim is without merit, the RECOMMENDATION will be that the Court DENY Movant's § 2255 motion. [DN 198.]

### Procedural History

In 1996, Movant and his co-defendant shot and killed a United States soldier as they prepared to rob a convenience store located on the grounds of the United States Army base at Fort Campbell, Kentucky. *In re Harris*, No. 18-6172 (6th Cir. 2019), DN 195 at 1. As a result of this conduct, Movant pled guilty to aiding and abetting second-degree murder in violation of 18 U.S.C. § 1111, aiding and abetting attempted second-degree robbery in violation of 18 U.S.C. § 2111, and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *Id.* This Court sentenced Movant to 420 months in prison for murder, 180 months for robbery, and 60 months for using a firearm. [DN 226 at 1-2 referencing Judgment

1

at DN 115.] This Court ordered the 420 and 180 months to run concurrently, and the 60 months to run consecutively, for a total sentence of 480 months. *Id.* The Sixth Circuit affirmed on direct appeal. *Id.* (citing *United States v. Harris*, 238 F.3d 777, 779 (6th Cir. 2001)).

In 2004, the Sixth Circuit affirmed this Court's denial of Movant's first § 2255 motion. *Id.* (citing *Harris v. United States*, No. 04-5196 (6th Cir. 2004)). In 2016, the Sixth Circuit denied Movant's motion for authorization to file a second or successive § 2255 motion. *Id.* (citing *In re Harris*, No. 16-5469 (6th Cir. 2016)). In 2019, the Sixth Circuit granted Movant's motion for authorization to file the present § 2255 motion. *Id.* at 4.

### Discussion

Movant claims that this Court must vacate his conviction of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) because the conviction was rendered unconstitutional by *United States v. Davis*, 139 S.Ct. 2319 (2019). [DN 222 at 5.]

Under § 924(c), defendants face an additional sentence for using a firearm during a "crime of violence." *United States v. Bricker*, No. 1:05-CR-113, 2020 WL 377820, at *3 (N.D. Ohio Jan. 22, 2020). Prior to *Davis*, a "crime of violence" was defined two distinct ways. *Id.* First, the "elements" clause defines a "crime of violence" as a crime in which violence is an element of the offense. *Id.* (citing § 924(c)(3)(A)). A "crime of violence" was also defined as a crime that, by its nature, involves a substantial risk of use of physical force. *Id.* (citing § 924(c)(3)(B)). *Davis* invalidated § 924(c)(3)(B) as unconstitutionally vague. *Id.* Therefore, for purposes of § 924(c), the sole definition of a "crime of violence" after *Davis* is a crime in which violence is an element of the offense. *Id.*

*Davis* may indeed apply to second-degree murder in violation of 18 U.S.C. § 1111 because violence is not an element of the offense.[1] However, as noted above, Movant also pled guilty to attempted second-

---

[1] This report declines to speculate on the question of how the Sixth Circuit might weigh in on the current controversy of whether § 1111 is a "crime of violence" as defined by § 924(c)(3)(A). *Compare United States v. Begay*, 934 F.3d 1033, 1038 (9th Cir. 2019) ("Second-degree murder does not constitute a crime of violence under

degree robbery in violation of 18 U.S.C. § 2111.  To the extent second-degree robbery is a "crime of violence" as defined by § 924(c)(3)(A), so is attempted second-degree robbery.  *See* § 924(c)(3)(A) ("For purposes of this subsection the term 'crime of violence' means an offense that is a felony and … has as an element the use, **attempted** *(emphasis added)* use, or threatened use of physical force against the person or property of another.").

Every court to consider the matter that the undersigned has discovered has concluded that second-degree robbery in violation of § 2111 **is** a "crime of violence."  *See United States v. Shirley*, No. 18-2071, 2020 WL 1845275, at *4 (10th Cir. 2020) ("Shirley's underlying offense, § 2111 Robbery, meets the requirements of the elements clause of § 924(c)(3)(A)."); *United States v. Fultz*, 923 F.3d 1192, 1197 (9th Cir. 2019) ("Robbery in violation of 18 U.S.C. § 2111 is a 'crime of violence' under the elements clause of § 924(c)(3)(A)."); *United States v. Ben*, 783 F. App'x 443 (5th Cir. 2019) (rejecting Ben's argument that "his conviction should be vacated because the predicate crime of robbery, 18 U.S.C. § 2111, is no longer 'a crime of violence' under § 924(c)(1)"); *Roberts v. United States*, No. 5:09-CR-324-FL-1, 2020 WL 838243, at *2 (E.D.N.C. Feb. 19, 2020) ("The predicate offense underlying [Roberts'] § 924(c) conviction is robbery within a special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 2111. … [Roberts'] predicate offense is a crime of violence under § 924(c)(3)'s force clause and he is not entitled to habeas relief.")

In the present case, as in *Bricker*, "because violence is an element of at least one of the predicate crimes contained in the § 924(c) count, [in this case, attempted second-degree robbery], *Davis* does not

---

the elements clause -- 18 U.S.C. § 924(c)(3)(A) -- because it can be committed recklessly" as opposed to intentionally.); *Thompson v. United States*, 924 F.3d 1153, 1159 (11th Cir. 2019) ("[S]econd-degree murder under § 1111(a) categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause.").

While the parties devote a great deal of attention to this controversy [DN 222, 226, 227], it is not of case-dispositive significance.  Additionally, the Supreme Court will likely soon decide the matter.  In *Begay*, the Ninth Circuit is holding rehearing in abeyance pending the Supreme Court's decision in *United States v. Walker* (U.S. No. 19-373; cert. granted November 15, 2019).  2019 WL 7900329, at *1.  In *Thompson*, as of April 10, 2020, the petition for writ of certiorari is ripe for ruling.  U.S. No. 19-7217.

apply and the § 924(c) conviction remains undisturbed." *Bricker*, 2020 WL 377820, at *3; *see also Moore v. United States*, No. 3:13-CR-00173-MOC-1, 2020 WL 597430, at *4 (W.D.N.C. Feb. 6, 2020) ("Because [Moore] plainly pleaded guilty to § 924(c) based on both conspiracy to commit armed bank robbery and substantive armed bank robbery, the Court must address whether at least one of these predicates is a crime of violence for § 924(c) purposes.").[2]

**The Court should deny Movant a certificate of appealability.**

In the event Movant appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). A certificate of appealability may only be issued if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For claims rejected on the merits, this means that the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant claims that this Court must vacate his conviction of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) because the conviction was rendered unconstitutional by *United States v. Davis*, 139 S.Ct. 2319 (2019). [DN 222 at 5.] The undersigned is satisfied reasonable jurists would not debate that this claim is without merit. Therefore, the Court should deny Movant a certificate of appealability.

---

[2] To the extent Movant's position is that he is entitled to relief because the United States has failed to prove that he pled guilty to § 924(c) based on **both** second-degree murder and attempted second-degree robbery, "[n]ot only would [Movant's] approach flip the normal burdens in cases seeking collateral relief, it also would create strange incentives." *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018).

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court DENY Movant's motion to vacate under 28 U.S.C. § 2255 [DN 198] and DENY a certificate of appealability.

April 23, 2020

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and FED. R. CIV. P. 72(b) and FED. R. CRIM. P. 59(b)(2), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

April 23, 2020

Lanny King, Magistrate Judge
United States District Court