UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:96-CR-24-TBR

**GARY DUANE HARRIS**                                                                                   **PETITIONER**

**V.**

**UNITED STATES OF AMERICA**                                                            **RESPONDENT**

**MEMORANDUM OPINION & ORDER**

Before the Court is Petitioner Gary Duane Harris's Motion to Vacate pursuant to 28 U.S.C. § 2255. [DN 198]. Harris filed a Brief in Support of the Motion. [DN 222]. Harris claims that this Court must vacate his conviction for using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) because the conviction was rendered unconstitutional by *United States v. Davis*, 139 S.Ct. 2319 (2019). [DN 222 at 5]. The United States responded, and Harris replied. [DN 226, 227]. The Magistrate Judge issued a Findings, Conclusion, and Recommendation ("FCR"), recommending that the Court deny the motion to vacate, and that the Court deny a certificate of appealability. [DN 230]. Harris filed Objections to the FCR. [DN 235]. Harris then filed a Motion for a Hearing to Allow Counsel to Address the Court. [DN 236]. The United States responded. [DN 237]. Each of these matters is ripe for adjudication. For the reasons set forth below, Harris's motion to vacate, DN 198, is DENIED. The Magistrate Judge's FCR, DN 230, is ADOPTED IN PART and REJECTED IN PART. Harris's Motion for a Hearing to Allow Counsel to Address the Court, DN 236, is DENIED.

   I.   **Background**

In 1996, Harris and his co-defendant shot and killed a United States soldier as they prepared to rob a convenience store located on the grounds of the United States Army base at Fort Campbell, Kentucky. *In re Harris*, No. 18-6172 (6th Cir. 2019), DN 195 at 1. As a result of this

1

conduct, Harris pled guilty—without a plea agreement—to aiding and abetting second-degree murder in violation of 18 U.S.C. § 1111, aiding and abetting attempted second-degree robbery in violation of 18 U.S.C. § 2111, and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *Id*. This Court sentenced Harris to 420 months in prison for murder, 180 months for robbery, and 60 months for using a firearm. [DN 226 at 1-2 referencing Judgment at DN 115]. This Court ordered the 420 and 180 months to run concurrently, and the 60 months to run consecutively, for a total sentence of 480 months. *Id*. The Sixth Circuit affirmed on direct appeal. *In re Harris*, No. 18-6172 (6th Cir. 2019), DN 195 at 1 (citing *United States v. Harris*, 238 F.3d 777, 779 (6th Cir. 2001)).

## II. Motion to Vacate

In 2019, the Sixth Circuit granted Harris's motion for authorization to file the present § 2255 motion. *Id*. at 4. Harris contends in his motion and its supporting brief that his 60-month sentence on the § 924(c) conviction must be vacated because part of § 924(c) was deemed unconstitutional in *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019), and it is likely that he was sentenced under the part of the statute that is now unconstitutional. [DN 222]. The § 924(c) charge, set out in Count 3 of the superseding indictment, states that Harris and his co-defendant "did use and carry a firearm during and in relation to a crime of violence as set out in Count 1 and 2 of this Indictment." [DN 199 at 8]. As stated above, Harris pled guilty to all charges, including the § 924(c) charge, without a plea agreement. [DN 199 at 14]. However, "[t]he record is silent on whether Mr. Harris was sentenced under the residual clause of § 924(c)(3)(B) or the elements clause of § 924(c)(3)(A)." [DN 222 at 11]. Importantly, although *Davis* declared the residual clause of § 924(c) unconstitutional, it left the elements clause of § 924(c) intact. Harris argues that because it is likely that he was sentenced under the now unconstitutional residual

clause, his sentence on the § 924(c) conviction must be vacated. *Id*. The Sixth Circuit has explained the functions of the two clauses and their status after *Davis* as follows:

> Federal law creates minimum sentences for criminals who use or possess firearms "during or in relation to" or "in furtherance of" a "crime of violence." § 924(c)(1)(A). That means that conviction under § 924(c) requires not only the firearm use, but also a predicate offense that qualifies as a crime of violence. The law defines a "crime of violence" as any felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3). The first definition is known as the "elements clause," and the second as the "residual clause." Last year, the Supreme Court invalidated the residual clause on constitutional grounds . . . Thus, only crimes that satisfy the elements clause can be predicate offenses for a § 924(c) conviction.

*United States v. Nixon*, 825 F. App'x 360, 364 (6th Cir. 2020).

Harris argues that it is likely he was sentenced under § 924(c)'s residual clause, making his sentence under Count 3 unconstitutional. [DN 235 at 2-9]. Harris further argues that even if he was sentenced under § 924(c)'s elements clause, his sentence still must be vacated because neither of the charges in Count 1 or Count 2 constitute crimes of violence under the elements clause. *Id*. at 10-17. The government contends that Harris's 60-month sentence under § 924(c) must stand because Harris has not shown that *Davis* applies to his case, and second-degree murder and attempted robbery as set out in counts 1 and 2 of the superseding indictment are crimes of violence under the elements clause of § 924(c). [DN 226 at 12].

The Magistrate Judge concluded in the FCR that Harris's motion to vacate is without merit. [DN 230 at 12]. The Judge found that because violence is an element of at least one of the predicate offenses in Count 1 and Count 2, both of which Harris pled guilty to, Harris's conviction and sentence under § 924(c) should stand. *Id*. at 2-4. Essentially, the Judge reasoned that because Harris could properly be convicted of the § 924(c) charge since attempted second-degree robbery is a crime of violence under the elements clause, it does not matter that a

3

conviction under §924(c)'s residual clause would be unconstitutional; Harris would have been properly convicted and sentenced either way.

Harris filed objections to the Magistrate Judge's FCR. [DN 235]. Harris's primary objection and argument is that the Magistrate Judge wrongly ignored the possibility that Harris's §924(c) conviction and sentence were grounded in the residual clause. [DN 235 at 1-9]. In short, Harris argues that where the record is silent on whether the district court relied on the elements clause or the residual clause in imposing a sentence for a § 924(c) conviction, the court must construe the record's silence in the defendant's favor and assume that the residual clause was applied in imposing the sentence. *Id*. at 4. Moreover, Harris contends that this Court cannot uphold the § 924(c) sentence where it is more likely than not that the residual clause was relied upon in imposing the sentence, even if the elements clause would have provided a sufficient basis for the § 924(c) sentence.

Harris also objects to the Magistrate Judge's determination that the issue of whether second-degree murder under 18 U.S.C. §1111 is a crime of violence under § 924(c)(3)(A) is not of case-dispositive significance. [DN 235 at 10]. Additionally, Harris objects to the Magistrate Judge's determination that attempted second-degree robbery under 18 U.S.C. § 2111 is a crime of violence under § 924(c)(3)(A). *Id*. at 12.

### a. Standards

"A judge of the court shall make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Grounds for a motion to vacate under § 2255 are set forth in the statute as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. 2255(a). "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Harris claims that this Court must vacate his conviction of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) because the conviction was rendered unconstitutional by *United States v. Davis*, 139 S.Ct. 2319 (2019). [DN 222 at 5]. *Davis* invalidated the residual clause on constitutional grounds, and the Sixth Circuit has settled that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020).

      a. Discussion

Harris contends that because the record is silent on which clause the court relied upon in imposing his § 924(c) sentence, that silence should be construed in his favor to the effect that his § 924(c) sentence is vacated. [DN 235 at 4]. As explained above, the Magistrate Judge concluded that the record's silence regarding which clause the court relied on at sentencing is effectively irrelevant, because even if the court did rely on the residual clause, it could have properly sentenced Harris on the § 924(c) charge by relying on the elements clause.

Harris relies in large part on *Williams v. United States*, 927 F.3d 427 (6th Cir. 2019), to argue that if he can "'show that it is more likely than not that the district court relied only on the residual clause in sentencing him,'" his § 924(c) sentence must be vacated. [DN 235 at 5

5

(quoting *Williams*, 927 F.3d at 439)]. Harris goes on to argue that he satisfies this standard because he can show that *it is more likely than not* that the district court relied only on the residual clause of § 924(c) at sentencing. *Id*. at 5-9. However, Harris's argument fails.

   Harris's contention that his *Davis* claim turns on whether it is more likely than not that the district court relied on the residual clause in sentencing him invokes a misinterpretation of *Williams*. In the part of the *Williams* opinion that Harris relies on, the court was considering whether Williams was entitled to raise a second or successive motion under § 2255 in the first place, not whether a motion to vacate should prevail. 927 F.3d at 439. And, indeed, whether Williams could raise a second § 2255 motion depended on whether he could show "that it [was] more likely than not 'that the district court relied only on the residual clause in sentencing' him." *Id*. (quoting *Raines v. United States*, 898 F.3d 680, 685 (6th Cir. 2018)). Although the court found that Williams was entitled bring a second § 2255 motion, it still had to answer the question of whether Williams's predicate offense qualified under the ACCA's elements clause before deciding if the § 924(e) sentence should be vacated. *Id*. at 445 ("Williams's conviction under Ohio Rev. Code § 2903.11(A) can no longer qualify as an ACCA predicate under the residual clause . . . The only question left is whether it can nevertheless qualify as an ACCA predicate under the elements clause."). Thus, Harris's belief that his motion to vacate should prevail if he can show it is more likely than not that the district court relied only on the residual clause in sentencing him is incorrect.[1]

---

[1] Even if Harris were correct in contending that the question this Court must ask and answer at this stage is whether it is more likely than not that the district court relied solely on the residual clause at sentencing, the Sixth Circuit has not applied that standard outside of the § 924(e) residual clause context. The Court here is considering a § 2255 motion related to the residual clause of § 924(c), not the residual clause of § 924(e). While the residual clauses of § 924(c) and § 924(e) are largely similar, it appears that the Sixth Circuit has not extended the "more likely than not" standard to challenges based on § 924(c)'s residual clause.

Contrary to Harris's position, the Sixth Circuit cases to date apply the same approach used by the Magistrate Judge in the FRC: as long as the elements clause would have supported the § 924(c) sentence in theory, it is irrelevant that the sentencing court may have relied on the residual clause to support the § 924(c) sentence in fact. *See Alvarez v. United States*, No. 20-3597, 2020 WL 7232200, at *2 (6th Cir. Nov. 23, 2020) (holding that defendant's § 924(c) conviction was "unaffected by *Davis*'s invalidation of § 924(c)(3)(B)" where the predicate offense constituted a crime of violence under the elements clause); *see also Overton v. United States*, No. 19-3407, 2019 WL 5606089, at *2 (6th Cir. Sep. 26, 2019) (holding that defendant's predicate offense qualified "as a crime of violence under § 924(c)'s elements clause . . . [and thus] *Davis*, which invalidated only the residual clause, provides no relief"); *see also Porter v. United States*, 959 F.3d 800, 801-02 (6th Cir. 2020) (finding that, in a defendant's post-*Davis* challenge to conviction under § 924(c), the question for the court is whether the conviction still qualifies as a crime of violence based solely on the elements clause). Put differently, the fact that a sentencing court could have properly relied upon the elements clause in imposing the § 924(c) sentence precludes relief under *Davis*. Accordingly, Harris's objection to the Magistrate Judge's denial of his § 2255 motion must be overruled. The Magistrate Judge was not incorrect in relying on the sufficiency of the elements clause to uphold the § 924(c) sentence.

Harris also objects to the Magistrate Judge's determination that the issue of whether second-degree murder under 18 U.S.C. §1111 is a crime of violence under § 924(c)(3)(A) is not of case-dispositive significance. [DN 235 at 10]. Harris further objects to the Magistrate Judge's determination that attempted second-degree robbery under 18 U.S.C. § 2111 is a crime of violence under § 924(c)(3)(A). *Id.* at 12. We consider these objections in reverse order, and for the reasons that follow, these objections are also overruled.

The Magistrate Judge concluded that second-degree robbery in violation of 18 U.S.C. § 2111 is a crime of violence, and "[t]o the extent second-degree robbery is a 'crime of violence' as defined by § 924(c)(3)(A), so is attempted second-degree robbery." [DN 230 at 3 (citing § 924(c)(3)(A))]. Harris objects to this conclusion, arguing that "[a]ttempted robbery is not a [crime of violence] . . . attempted robbery can be committed by non-violent conduct that places the offense outside of §924(c)(3)(A)'s definition of a COV." [DN 235 at 12]. Though Harris does not concede that second-degree robbery in violation of 18 U.S.C. § 2111 is a crime of violence under § 924(c)'s elements clause, he does not argue that point in his objections. Instead, Harris argues that *attempted* second-degree robbery does not involve a crime of violence as required for conviction under § 924(c)(3)(A) because criminal liability for attempted second-degree robbery attaches at the point of a "substantial step" toward committing second-degree robbery, and a substantial step will not always involve "the use, attempted use, or threatened use of physical force against the person or property of another." [DN 235 at 14 (citing § 924(c)(3)(A))]. As did the Magistrate Judge, this Court disagrees with Harris's interpretation of § 924(c)(3)(A). At the point that liability for *attempted* second-degree robbery attaches, the "attempted use . . . of physical force" has occurred such that the elements clause of § 924(c) is satisfied. It does not matter that the defendant's substantial step toward committing the robbery may not involve an act of force, violence, or intimidation, because he still attempted the use of such force as contemplated by § 924(c). The Court finds that the Magistrate Judge reached the correct legal conclusion on this issue as well. Harris's objection is overruled.

Harris also objects to the Magistrate Judge's determination that the issue of whether second-degree murder under 18 U.S.C. §1111 is a crime of violence under § 924(c)(3)(A) is not of case-dispositive significance. [DN 235 at 10]. Again here, the Court agrees with the

8

Magistrate Judge's conclusion in the FRC. Only one of Harris's predicate crimes must be a crime of violence for proper conviction and sentencing under the elements clause of § 924(c). Because attempted second-degree robbery in violation of 18 U.S.C. § 2111 is a crime of violence, Harris could properly be sentenced under the elements clause of § 924(c), and it does not matter in this case whether second-degree murder under 18 U.S.C. §1111 is a crime of violence. The Magistrate Judge was correct in concluding that the issue of whether second-degree murder under 18 U.S.C. § 1111 is a crime of violence under § 924(c)(3)(A) is not of case-dispositive significance. Harris's objection to this finding is overruled.

### III.     Certificate of Appealability

In the event Harris appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

> A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

*Neil v. Forshey*, No. 20-3491, 2020 WL 6498732, at *2 (6th Cir. Oct. 30, 2020). "To make this showing on claims resolved on the merits, [the petitioner] must demonstrate that jurists of reason would find the district court's assessment of his claims debatable." *Oden v. Turner*, No. 20-3131, 2020 WL 4493255, at *2 (6th Cir. July 7, 2020).

The Magistrate Judge recommended that this Court deny Harris a certificate of appealability on the grounds that reasonable jurists would not debate that Harris's claim is without merit. [DN 230 at 4]. Harris objects to the Magistrate Judge's recommendation for denial

9

of the certificate of appealability, arguing (1) that his case presents issues of first impression, (2) that the Magistrate Judge failed to address the issue of whether Mr. Harris could have been sentenced under the residual clause, and (3) that second degree murder and attempted robberies are not crimes of violence. [DN 235 at 17-23]. As to the certificate of appealability, Harris's objection is sustained, and the Court rejects the Magistrate Judge's recommendation to deny a certificate of appealability.

Few of the issues Harris raised in his motion, brief, and objections are governed by well-settled law in the Sixth Circuit. This is particularly true of whether Harris's predicate offenses constitute crimes of violence under § 924(c)'s elements clause. As observed by the Sixth Circuit in its opinion granting Harris leave to file a second § 2255 motion, there is no "binding Sixth Circuit precedent that definitively establishes that either 18 U.S.C. §§ 1111 or 2111 is a categorical crime of violence under the elements clause." [DN 195 at 4]. Although the law is clearer as regards analysis of a motion to vacate a § 924(c) sentence after *Davis*, room for clarity remains on that issue as well. The Court believes reasonable jurists can disagree on these matters. As such, Harris's objection is sustained. This Court grants a certificate of appealability on the issues of (1) the standard for granting a motion to vacate a sentence based on § 924(c) where the record is silent but it is possible or likely that the district court relied on the residual clause at sentencing, and (2) whether either of Harris's predicate offenses under 18 U.S.C. §§ 1111 or 2111 is a categorical crime of violence under the elements clause of § 924(c).

### IV.     Motion for a Hearing to Allow Counsel to Address the Court

Harris has moved for a hearing to allow counsel to address the Court pursuant to 28 U.S.C. § 2255(b). [DN 236]. The statute provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the

> United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b). However, Harris goes on to state that "Petitioner is <u>not</u> seeking an evidentiary hearing. Counsel merely requests an opportunity to be heard and address the Court on the merits of the issues presented by the §2255 motion." [DN 236 at 2 (emphasis in original)]. Thus, Harris concedes that that the hearing he requests is not the kind of evidentiary hearing contemplated by § 2255(b). *See, e.g.*, *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) ("[T]he evidence in the record 'conclusively shows' that Monea is not entitled to relief, and an evidentiary hearing is therefore not necessary. 28 U.S.C. § 2255(b)."). As the government also points out, "Harris asks the Court to allow a hearing—essentially oral argument—on his second or successive 28 U.S.C. § 2255 motion . . . [and] the Court has broad discretion in conducting its de novo review of the magistrate judge's report . . . to hold an oral argument on Harris's objections." [DN 237 at 1 (citing *United States v. Raddatz*, 447 U.S. 667, 675-77 (1980))].

The issues Harris has raised are issues of law. As such, an evidentiary hearing under 28 U.S.C. § 2255(b) is unnecessary. *United States v. Rogers*, NO. 3:05-CR-58-TBR-CHL, 2018 WL 1917177, at *3 (6th Cir. Feb. 2, 2018) (citing *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) ("[A]n evidentiary hearing is unnecessary because there is no factual dispute.")). As this Court stated in *Borden v. United States*, NO. 1:18-CV-00138-GNS, NO. 1:15-CR-00004-GNS-HBB-1, 2019 WL 5063830, at *5 (W.D. Ky. Oct. 9, 2019), "[Petitioner] has provided no explanation whatsoever in his motions for what additional information this Court could glean by holding a hearing on this matter." The Court agrees with the government in its statement that

11

"[t]he parties have thoroughly briefed the issues, and . . . [o]ral argument would add nothing that the Court would need to resolve the purely legal issues Harris's § 2255 motion raises." [DN 237 at 2]. Accordingly, Harris's motion for a hearing to allow counsel to address the court, DN 236, is DENIED.

## V. Conclusion

For the reasons discussed herein, IT IS HEREBY ORDERED:

(1) Harris's motion to vacate, DN 198, is DENIED.

(2) The Magistrate Judge's Findings, Conclusion, and Recommendation, DN 230, is ADOPTED IN PART and REJECTED IN PART.

(3) Harris's Motion for a Hearing to Allow Counsel to Address the Court, DN 236, is DENIED.

(4) A Certificate of Appealability is GRANTED as to the motion to vacate, as detailed above.

Thomas B. Russell, Senior Judge
United States District Court

December 30, 2020

cc: counsel